IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES of AMERICA,         ) | |
| )   | CASE NO. 8:02CR285 |
| Plaintiff,         ) | |
| )   | |
| v.         ) | |
| )   | MEMORANDUM AND ORDER |
| JOHN NEWBERRY,         ) | |
| )   | |
| Defendant.         ) | |
| )   | |

      This matter is before the court on filing no. 66, the "Nunc Pro Tunc Motion for Amendment of Judgment Pursuant to Federal Rule Civil Procedure 60 (b)(5)(6)"; filing no. 70, motion for status; and filing no. 71, "Supplication to Grant Nunc Pro Tunc Motion for Amendment of Judgment Pursuant to Federal Rule Civil Procedure 60(b)(5)(6)," all filed by the defendant, John Newberry. In his motions defendant argues that based on the United States v. Booker, 543 U.S. 220 (2005), his base offense level was unconstitutionally raised due to a Career Criminal Enhancement that was not properly determined by a jury or charged in his indictment.

      Filing No. 66 has the indicia of a § 2255 motion; however, the United States Supreme Court has warned the federal courts not to recharacterize a pro se litigant's motion as a first § 2255 motion unless the court informs the litigant of the consequences of recharacterization, thereby giving the litigant the opportunity to contest to the recharacterization, or to withdraw or amend the motion. See Castro v. United States, 124 S. Ct. 786, 789 (2003).

      In this case, however, whether the court construes the defendant's motion as a § 2255 motion or a motion pursuant to Rule 60 (b)(5)(6), defendant's motion fails.

Newberry's claims are based on Booker, decided on January 12, 2005, and Newberry's conviction was final on March 19, 2003, before the Booker decision was announced. The Eighth Circuit has held that the new rule in Booker is not retroactive on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

THEREFORE, IT IS ORDERED:

1. Defendant's Nunc Pro Tunc Motion for Amendment of Judgment Pursuant to Federal Rule Civil Procedure 60 (b)(5)(6)" (Filing No. 66) is denied;

2. Defendant's motion for status (Filing No. 70) is denied as moot;

3. Defendant's "Supplication to Grant Nunc Pro Tunc Motion for Amendment of Judgment Pursuant to Federal Rule Civil Procedure 60(b)(5)(6)" (Filing No. 71) is denied;

4. The Clerk of Court is directed to send a copy of this Memorandum and Order to defendant at his last known address.

DATED this 19th day of September, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge