IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JOHN NEWBERRY,  )<br>  )<br>Defendant.  )<br>  ) | 8:02CR285<br><br>ORDER |

This matter is before the court on the defendant's motion to amend the judgment, Filing No. 93. The court held a hearing on November 10, 2010, at which counsel for the defendant and the government appeared and the defendant participated by telephone. On March 14, 2003, Newberry was sentenced to 120 months imprisonment for bank robbery. According to the Bureau of Prisons ("BOP"), Newberry's release date is November 25, 2011.

Relying on the Second Chance Act, 18 U.S.C. § 3624(c), Newberry seeks an amendment of the Judgment to provide a fourth recommendation to the Bureau of Prisons that states: "In order to afford the Defendant a reasonable opportunity to adjust and prepare for re-entry into the community, the Court recommends in the strongest possible terms that the Defendant spend the last year of his sentence in a Community Correctional Facility." Alternatively, the defendant seeks a letter to that effect.

The government contends that the court has no authority to so amend the judgment, but states that it is not opposed to the defendant serving twelve months in a community corrections facility and has no objections to correspondence to the BOP expressing that recommendation.

The Second Chance Act, Pub.L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to authorize the BOP to "consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months

that were available pre-amendment." *Demis v. Sniezek*, 558 F.3d 508, 513-14 (6th Cir. 2009). In making its designation under 18 U.S.C. § 3621, the Bureau of Prisons is to consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. *See* 28 U.S.C. § 3621. The Second Chance Act also amended § 3621 to provide that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."

Thus, any recommendation to the BOP for community confinement would not be binding in any event. Because the government is not philosophically opposed to community confinement for this defendant, the court will consider a recommendation for the BOP to provide community confinement of up to a year for this defendant. Accordingly,

IT IS ORDERED that the defendant's motion to amend the Judgment and Order of Committment (Filing No. 93) is denied.

DATED this 12th day of November, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2